## CIRCUIT COURT OF FAIRFAX COUNTY

Gholson et al.

v.

SMC Corp.

June 30, 2000

Case No. (Law) 183561

BY JUDGE JANE MARUM ROUSH

This matter came before the Court on March 10, 2000, upon the Defendant's demurrer and the Plaintiffs' motion to amend their motion for judgment. At the conclusion of the hearing, the Court took the case under advisement. The Court has now considered fully the pleadings and arguments of counsel. For the reasons stated below, the demurrer will be overruled and the motion to amend will be granted.

The facts of this case, as alleged in the Motion for Judgment, are as follows. In March 1998, Plaintiffs Mr. and Mrs. Gholson, residents of Virginia, purchased a new mobile home from a dealership in Pennsylvania. The mobile home had a purchase price of nearly $160,000.00 and was manufactured by Defendant SMC in Oregon. The dealer in Pennsylvania made no warranties of any kind and is not a party to this action. SMC, the manufacturer, made certain express warranties about the mobile home and its chassis.

The express warranty contained no choice of law provision. The language of the warranty suggests that SMC anticipated it would be interpreted under the laws of more than one state. Section 7 of the warranty concerning the chassis states in pertinent part:

7. HOW STATE LAW APPLIES TO THIS WARRANTY:

Please note: Some states do not allow the exclusion or limitation of incidental or consequential damages, or limitations on how long an implied warranty may last, so the above limitations or exclusions may not apply to you.

This Limited Warranty gives you specific legal rights. You may also have other rights, which may vary from state to state . . . .

The Gholsons contend that their mobile home, far from being their dream home, is in fact a lemon. As of the time of the filing of the Motion for Judgment, the vehicle had been in the shop on five separate occasions for a total of eighty-one days. In a single-count Motion for Judgment, the Gholsons alleged causes of action for breach of express and implied warranties, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and violations of the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code Ann. §§ 59.1-207.9 *et seq.* (the "Lemon Law").

SMC filed a demurrer to the entire Motion for Judgment, alleging that the Gholsons' claims are governed by Pennsylvania's version of the Lemon Law, which does not cover "motor homes."

The Court first notes that if SMC is correct that Pennsylvania's Lemon Law governs this case, at most the demurrer should be sustained to the Gholsons' Virginia Lemon Law claims. The Gholsons' claims of breaches of implied warranties and express warranties and the federal Magnuson-Moss Warranty Act would be unaffected by application of the Pennsylvania Lemon Law.

The Court concludes that the Gholsons may pursue their claims against SMC under the Virginia Lemon Law. The nature of a Lemon Law claim is that the manufacturer has failed, after reasonable efforts, to conform the defective vehicle to its warranties, or to accept a return of the vehicle and a refund of the purchase price, or to give the consumer a comparable vehicle. In this case, the breach of warranties or violation of the Lemon Law occurred, if at all, in Virginia.

SMC's express warranties to the Gholsons contained no choice of law provisions. Section 1-105 of the Uniform Commercial Code, Va. Code § 8.1-105, provides that where the parties have not specified the law that governs their commercial transaction, Virginia's UCC will govern if the transaction has an "appropriate relation" to the Commonwealth.

The Court concludes that the Gholsons' claims have an "appropriate relation" to Virginia. SMC advertises in Virginia for Virginia residents to

purchase their mobile homes. The Gholsons' $160,000.00 mobile home is not of the type that can be found readily at any local dealer. Instead, it is one of those behemoths that are sold regionally. The Gholsons proffer that upon inquiry, they were directed to a dealer in southern Pennsylvania. They traveled to Pennsylvania for the purpose of purchasing the mobile home. The purchase order was issued to them listing Fairfax, Virginia, as their address. They returned with the mobile home to Virginia. SMC's attempts to comply with the warranty were made in Virginia. Under such circumstances, the Court concludes that Virginia law applies to the Gholsons' present claims. See, e.g., *Besser Co. v. Hansen*, 243 Va. 267, 415 S.E.2d 138 (1992).

For the foregoing reasons, the demurrer will be overruled.

After additional investigation, the Gholsons seek to amend their Motion for Judgment to include additional claims against SMC. At the time of the hearing, the Gholsons had not submitted a proposed amended motion for judgment. Therefore, SMC and the Court were left to speculate as to what new claims they might want to raise. The Gholsons have since filed their proposed amended motion for judgment. As leave to amend should be freely granted, the Gholsons' motion to amend is granted. Any infirmities in the amended motion for judgment can be addressed by further responsive pleadings of SMC.

The Gholsons should file their amended motion for judgment within ten days of the entry of the order reflecting this ruling. SMC shall file responsive pleadings within ten days thereafter.